**AFFIRM; and Opinion Filed August 2, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01045-CV**

**OLUSOLA OKUNFULURE, Appellant**
**V.**
**AURELIO ORTIZ, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-11295**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Lewis
Opinion by Justice Lewis

This is a breach of contract action concerning masonry work performed by appellee Aurelio Ortiz at the home of appellant Olusola Okunfulure. Ortiz sued Okunfulure, claiming he had not been fully paid according to the parties' oral agreement. Okunfulure counterclaimed, contending Ortiz's performance under the agreement was deficient. Trial was to the court. The trial court found in favor of Ortiz; the judgment awarded him $1250 in damages on his breach-of-contract claim and $4000 in attorney's fees. The judgment ordered that Okunfulure take nothing on his counterclaim and dismissed the counterclaim with prejudice. In two issues, Okunfulure challenges the sufficiency of the evidence supporting the trial court's judgment on both Ortiz's claim and his own counterclaim.[1] We affirm.

---

[1] Okunfulure appeared pro se in the trial court and appears pro se in this Court as well. We understand the two issues he presents in his amended brief to challenge both the judgment for Ortiz and the denial of his counterclaim. Our record does not contain a motion for new trial

## Background

Okunfulure contracted with Ortiz to build a low masonry wall to enclose flower beds along the front of the house and around a tree. The contract in this case was oral, and the parties agree it was modified once because additional work was added to the original plan. However, the parties disagree as to the original agreed price, the scope of the additional work, the price of the additional work, and how much Okunfulure ultimately paid Ortiz. The parties also disagree as to whether Ortiz advised Okunfulure before the project began that the wall should be built on a foundation to prevent structural deterioration.

## Standard of Review

In a legal sufficiency review, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We ask whether the evidence—crediting favorable evidence if reasonable fact finders could, and disregarding contrary evidence unless reasonable fact finders could not—would permit reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. This Court is not a fact finder, and we may not merely substitute our judgment for that of the fact finder. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). In this case the trial court is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *See id.*

## Failure to Respond to Discovery

Ortiz sent discovery to Okunfulure with his original petition; the discovery included rule 194 requests for disclosure, requests for production, requests for admission, and interrogatories. Okunfulure failed to respond to the discovery as required by the rules of civil procedure. Ortiz

preserving a complaint about the factual sufficiency of the evidence. *See* Tex. R. Civ. P. 324(b)(2). We treat Okunfulure's issues as challenges to the legal sufficiency of the evidence.

moved to exclude any evidence that should have been disclosed in discovery responses, and the trial court carried that motion through trial. The record does not contain an express ruling on the motion, although the judgment recites that the court considered the "admissible evidence."

Okunfulure contends the trial court ruled in this case "solely on a technicality." We understand him to be complaining of the exclusion of his evidence as a sanction for his failure to respond to Ortiz's discovery. At the outset we stress that the need to respond to discovery is not a technicality. "The purpose of the discovery rules is to encourage full discovery of the issues and facts before trial so that parties can make realistic assessments of their respective positions in order to facilitate settlements and prevent trial by ambush." *Oscar Luis Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.).

Despite the importance of the discovery rules, however, we conclude the issue of exclusionary sanctions is not dispositive in this case. Our review of the record persuades us that even if we considered all of Okunfulure's evidence, we would still affirm the trial court's judgment. Accordingly—for purposes of this opinion only—we consider all of Okunfulure's evidence as if it were properly before us, without determining whether discovery sanctions were, or should have been, imposed.

### Breach-of-Contract Claim: Non-Payment

In his first issue, Okunfulure challenges the trial court's judgment in favor of Ortiz on Ortiz's claim for non-payment. Okunfulure testified the parties' original agreement was for masonry work that would span the front of Okunfulure's house and surround a tree. Okunfulure testified the parties agreed on a price of $1200 for this project. He acknowledged that he requested additional work, which was no more than a "little extension to [the] original plan." He stated the parties did not agree to an increased payment for this extension, but that he,

Okunfulure, decided to give Ortiz an extra $150 for that work.  Thus, Okunfulure testified he paid Ortiz in full, a total of $1350.

Ortiz testified the parties originally agreed upon a price of $1250, rather than $1200. He stated the additional work Okunfulure wanted "nearly doubled" the size of the project, and he testified the parties agreed Ortiz would be paid an additional $1350, for a total of $2600.  Ortiz testified that he had only been paid $1250.

Again, for our legal sufficiency review, we look at the evidence in the light most favorable to the verdict.  *See City of Keller*, 168 S.W.3d at 822.  Ortiz testified the parties agreed upon a price of $2600, but Okunfulure failed to pay him that amount.  That testimony is sufficient to support the trial court's finding of liability for non-payment.  As to the amount owed, Okunfulure testified that he paid Ortiz $1350; thus there is evidentiary support for the trial court's award to Ortiz of $1250.  We conclude a reasonable fact finder could have concluded that Okunfulure breached the parties' agreement by failing to pay $1250 to Ortiz.

The price agreed upon, extent of the work performed, and the amount Ortiz was paid are all fact questions that were resolved by the trial court, who was the sole judge of the credibility of witnesses in this case.  *See Golden Eagle Archery, Inc.*, 116 S.W.3d at 761.  The evidence is legally sufficient to support the trial court's judgment on Ortiz's claim.  *See City of Keller*, 168 S.W.3d at 822.  We overrule Okunfulure's first issue.

### Breach-of-Contract Counterclaim:  Deficient Performance

In his second issue, Okunfulure challenges the trial court's finding against him on his counterclaim.  Okunfulure appears to contend his counterclaim was not addressed by the trial court, but our review of the record indicates that is not the case.  Okunfulure questioned Ortiz concerning the quality of the work done and whether Ortiz believed he had created a wall that looked like the one the parties used as a model.  Okunfulure also testified himself concerning the

–4–

quality of Ortiz's work. He testified that the work was not professional, that his home now looked ugly, and that although he tried to persuade Ortiz to return and repair the wall, Ortiz would not do so. Okunfulure offered a number of photographs that portrayed the wall used as a model and his own wall. The photographs unquestionably indicated some deterioration had occurred in the structure of Okunfulure's wall.

But there was also testimony from both parties concerning whether the wall should have been built on a foundation to prevent such deterioration. Ortiz testified he told Okunfulure the wall needed a foundation, but Okunfulure refused to make that part of the project because of the additional cost. Okunfulure testified Ortiz never spoke to him about creating a foundation for the wall.

Again, the trial court was the fact finder in this case; we cannot change the court's credibility decisions or substitute our judgment for its. *See Golden Eagle Archery, Inc.*, 116 S.W.3d at 761. When we look at the evidence in favor of the verdict—especially Ortiz's testimony that he warned Okunfulure that the wall needed a foundation to remain structurally sound—we conclude a reasonable fact finder could have decided the counterclaim lacked merit.

We conclude the evidence is legally sufficient to support the trial court's judgment on Okunfulure's counterclaim. *See City of Keller*, 168 S.W.3d at 822. We overrule his second issue.

**Conclusion**

We have decided both of Okunfulure's issues against him. We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

121045F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OLUSOLA OKUNFULURE, Appellant

No. 05-12-01045-CV      V.

AURELIO ORTIZ, Appellee

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-11-11295.
Opinion delivered by Justice Lewis. Chief Justice Wright and Justice FitzGerald participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AURELIO ORTIZ recover his costs of this appeal from appellant OLUSOLA OKUNFULURE.

Judgment entered this 2nd day of August, 2013.

/David Lewis/
_____
DAVID LEWIS
JUSTICE